Morgan, J.
The city sues the deiendant for three hundred dollars license tax. The defense is that by the third section of the act No. 42 of March 3, 1871, paragraph 15, “no insurance company, whose license tax shall be one thousand dollars, shall be liable to any assessment throughout the State, other than that imposed by this article and by section 6 of this act.” The sixth section provides that “from every insurer or insurance company transacting an insurance business in this State, there shall be collected, in addition to the license in such cases hereinbefore provided for, an annual tax of one per centum upon the gross amount of the premiums earned each year from policies issued through agencies in this State.”
Paragraph 15 of sec. 1 of act 14 of fifth March, 1872, enacts that no insurance company whose license tax shall be one thousand dollars shall be liable to any other assessment, State, parish or municipal, throughout the State, other than that imposed by this article and by section six of this act.” Section six of this act simply ordains that the act shall take effect from and after its passage.
If these laws stood alone, there would be little room for interpretation. Judgment would necessarily be for the defendant. But we are reminded by the counsel for the city that the last act under which defendant claims exemption is the act which provided a general revenue of the State, and was approved on eighth March, 1872, and that on the twenty-sixth April of the same year, the Legislature in act No. 73 declared that “ no provision in any general law of the State limiting the power of taxation by the several cities, towns, parishes and other corporations, shall be held to apply to the taxes of the city of New Orleans herein or otherwise specially authorized to be levied.” This is a special statute, and'it authorizes among other things the levy of a tax for the support of the city government.
It is not disputed that the defendant is protected only by the statute of the fifth of March, 1872. It seems to us clear that the section of that act which is relied upon is controlled by the sixteenth section of the aet No. 73, 1872 which expressly declares that no provision in any *657 general law oí tlie State limiting the power of taxation by the several cities, towns, parishes and other corporations shall be held to apply to the taxes of the city of New Orleans, which were therein or otherwise specially authorized to be levied. In the case of the City v. Salamander Insurance Company, 25 An. 650, the question as to the liability of the company for a license tax was not before us.
It is therefore ordered, adjudged and decreed that the judgment of the district coiirt be avoided, annulled and reversed, and that there be judgment in favor of the plaintiff and against the Globe Mutual Life Insurance Company for the sum of three-'hundred dollars license tax, with five per cent interest thereon from the first of May, 1872, until paid, with lien and privilege according to law, and that the injunction obtained against them be reinstated and made perpetual; the costs to be borne by the defendants.